# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ROLAND FOGG, | **Civil Action No.: 2:16-cv-00087-GZS** |
|      Plaintiff, | |
| | ***AMENDED*** COMPLAINT AND |
| vs. | DEMAND FOR JURY TRIAL |
| **SYNCHRONY BANK,** | |
|      Defendant. | |

## COMPLAINT

### *I.* *INTRODUCTION*

1.     Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*

### *II.* *JURISDICTION*

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3.     Venue is proper in the United States District Court for the District of Maine pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District

1

and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

### III.   PARTIES

4.     Plaintiff, Roland Fogg, is a natural person with a permanent residence in Berwick, York County, Maine 03901, and is a "person" as defined by 47 U.S.C. § 153 (10).

5.     **Defendant, Synchrony Bank ("Synchrony"), is a national corporation with its principal place of business located in 170 West Election Road, Suite 125, Draper, UT 84020.**

### IV.   FACTUAL ALLEGATIONS

6.     Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

7.     In or around September of 2015, Plaintiff began receiving automated telephone calls from Defendant from phone numbers, including but not limited to telephone numbers: (855) 215-5588.

8.     Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Roland Fogg.

9.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

10.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

11.    Defendant placed calls to Plaintiff's cellular telephone number: (207) 698-5557.

12.    Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

13.    On or about September 10, 2015 at approximately 10:58 AM., Plaintiff spoke with Defendant, or a representative thereof, and Plaintiff revoked any actual or implied "prior express consent" for Defendant to contact his cellular phone in any manner including the usage of an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(a) (1), 47 U.S.C. § 227(b)(1), and 47 U.S.C. § 227(b)(1)(A).

14.    Despite Plaintiff's revocation of any actual or implied "prior express consent" to the actions as outlined above Defendant did not cease the telephone calls.

15.    Between September 10, 2015 and October 5, 2015, Defendant placed approximately 30 ("thirty") calls to Plaintiff using an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to

Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Roland Fogg.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT**
**47 U.S.C. § 227**

16.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-15.

17.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

18.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

19.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

///

///

///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

20.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

21.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

22.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

23.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## JURY TRIAL DEMAND

24.     Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA;

b. That judgment be entered in favor of Plaintiff against Defendant for each and every violation of 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to *47 U.S.C. § 227(b)(3)(B)*;

c. That the Court award treble damages to Plaintiff for each and every violation of the TCPA the Court deems willful and knowing; and

d. That the Court grant such other and further relief as may be just and proper.

DATED: March 10, 2016                    Respectfully Submitted,

**WALKER & JENNINGS, PA**
By:  */s/ Douglas F. Jennings*
Douglas F. Jennings
PO Box 292
144 Walter Street,
Hallowell, ME 04347
Tel: (207) 621-8188
Email: dfjlaw@live.com
Attorneys for Plaintiff
Roland Fogg